UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEONARD,[1] <br><br> Petitioner, <br><br> v. <br><br> HUNTER ANGLEA, <br><br> Respondent. | No. 2:19-cv-0230 TLN DB P <br><br><br> ORDER |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 11, 2019, respondent filed a motion to dismiss the petition. (ECF No. 8). On May 2, 2019, petitioner filed a motion to stay. (ECF No. 13). For the reasons stated below, prior to ruling on either motion, the court shall direct petitioner to file an amended petition that does not include his unexhausted claim.

////

////

---

[1] The court's docket identifies petitioner as "Joseph Leonardo." However, as the petition shows and as respondent has noted, petitioner's last name is "Leonard." (See ECF No. 1 at 1; see also ECF No. 8 at 1 n.1). Accordingly, the Clerk of Court shall be directed to change the case caption on the docket to reflect the proper spelling of petitioner's last name.

1

I.  RESPONDENT'S MOTION TO DISMISS

Respondent's motion to dismiss, filed April 1l, 2019, argues that the petition should be dismissed because petitioner has failed to exhaust one of his five claims as required under 28 U.S.C. § 2254(b)(1)(A). (See ECF No. 8 at 2). Specifically, respondent contends that Claim Five of the federal petition, which alleges ineffective assistance of trial counsel for failure to subpoena and present exculpatory evidence, was not raised in the California Supreme Court. (See id. at 2-3). Respondent contends that as a result, absent a stay, either the entire petition must be dismissed, or petitioner must delete the unexhausted claim and proceed with the exhausted ones. (See id. at 3).

II. PETITIONER'S MOTION TO STAY

Petitioner's motion to stay, filed May 2, 2019, requests that this matter be stayed and held in abeyance pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002) while he returns to state court to exhaust Claim Five. (See ECF No. 13 at 3). In support of the motion, petitioner states that he suffers from a mental disorder which prevented him from filing claims on appeal that had not been presented by his attorney. (See id. at 5).

III. DISCUSSION

The Kelly stay procedure is used with mixed petitions. When it is implemented, the following occurs: (1) the petitioner amends the mixed petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, which, in turn, provides the petitioner with the opportunity to proceed to state court to exhaust the deleted claims, and (3) the petitioner later amends his petition and re-attaches the newly exhausted claims to the original petition. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71). If, however, the one-year statute of limitations period has expired by the time the petitioner returns to federal court, new claims may be amended into a pending federal habeas petition only if they share a common core of operative facts with the claims in the pending federal habeas petition. See Mayle v. Felix, 545 U.S. 644, 659 (2005). "A new claim does not 'relate back' to the filing of an exhausted petition simply because it arises from 'the same trial, conviction, or sentence'." King, 564 F.3d at 1141 (quoting Mayle, 545 U.S. at 662-64). In other

words, the Kelly procedure "does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King, 564 F.3d at 1141.

A review of the record reveals no reason why petitioner's motion to stay pursuant to Kelly should not be granted. However, prior to granting the motion, petitioner must first file an amended petition that does not include the unexhausted Claim Five.[2] Petitioner will be ordered to do so herein. Once petitioner has done this, the motion to stay will be granted, and the amended petition will be held by the court but not considered. Thereafter, petitioner will return to state court and exhaust Claim Five. After petitioner has done this, he shall return to this court and request permission to lift the stay and amend his petition to add the exhausted claim to it. At that point, the stay shall be lifted, petitioner's request to amend shall be granted, and the action will be able to proceed in federal court.

Because the court anticipates eventually granting petitioner's motion to stay (ECF No. 13), respondent's motion to dismiss the petition as not fully exhausted (ECF No. 8) will eventually be denied as moot. The court will, however, refrain from ruling on either of these motions until petitioner files the first amended petition.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall change the spelling of petitioner's last name in the case caption on the docket from "Leonardo" to "Leonard," and

2. Within thirty days of the date of this order, petitioner shall file an amended petition that does not include the unexhausted claim.

Dated: June 25, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.HABEAS/leon0230.mtd.stay&abey

---

[2] Petitioner should be aware that he is not required to wait for the stay to be fully in place in federal court prior to returning to state court to exhaust Claim Five.