UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEONARD,<br><br>    Petitioner,<br><br>v.<br><br>HUNTER ANGLEA,<br><br>    Respondent. | No. 2:19-cv-0230 TLN DB P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Outstanding in this matter are respondent's motion to dismiss and petitioner's motion to stay. (See ECF Nos. 8, 13, respectively). For the reasons stated below, the court shall deny respondent's motion to dismiss, and it shall grant petitioner's motion to stay.

I.  **RELEVANT PROCEDURAL HISTORY**

Petitioner filed the instant petition on February 6, 2019. (ECF No. 1). On April 11, 2019, respondent filed a motion to dismiss it on the grounds that petitioner had not fully exhausted all his claims in state court. (See ECF No. 8).

////

On May 2, 2019, petitioner filed a motion opposing respondent's motion to dismiss. (ECF No. 12). The same day, petitioner also filed a motion to stay the petition. (ECF No. 13).

Respondent filed a reply to petitioner's opposition on June 24, 2019. (ECF No. 16). Within the reply, respondent also addressed petitioner's motion to stay. (See ECF No. 16 at 2-4).

On June 26, 2019, the court declined to rule on respondent's motion to dismiss and petitioner's motion to stay. Instead, pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002)[1], the court directed petitioner to first file an amended petition that did not include petitioner's unexhausted claim. (ECF No. 18 at 3).

Petitioner filed a first amended petition on July 12, 2019 (ECF No. 19). The outstanding motions are ready for consideration.

**II.  DISCUSSION**

A review of respondent's motion to dismiss indicates that it is predicated on the fact that petitioner has yet to exhaust all his claims in state court. (See ECF No. 8 at 2-3). However, since respondent filed the motion, petitioner has filed a motion to stay pursuant to Kelly (see ECF No. 13), and respondent has filed a reply indicating that he has no objections to petitioner being granted a stay pursuant to it. (See ECF No. 16 at 2, 4).

In addition, petitioner has fully complied with the guidelines in Kelly by filing an amended petition without the unexhausted claim so that his petition can be stayed in federal court. (See ECF No. 19). For these reasons, the court shall deny respondent's motion to dismiss as moot, and it shall grant petitioner's motion to stay the petition as amended.

Accordingly, IT IS HEREBY ORDERED that;

1. Respondent's motion to dismiss the petition, filed April 11, 2019 (ECF No. 8), is DENIED as moot;

2. Petitioner's motion to stay the petition, filed May 2, 2019 (ECF No. 13), is GRANTED, and

---

[1] Kelly has been overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). See Robbins, 481 F.3d at 1147 (concluding court not required to consider sua sponte whether it should stay and abey mixed petition or to inform petitioner of option, thus overruling Kelly in part).

2

3. After exhausting the petition in state court, plaintiff shall inform the court. At that time, he shall also file a motion either:

    (a) to amend the first amended petition to include the recently exhausted claim, or

    (b) to proceed on the first amended petition without the recently exhausted claim.

Dated: August 1, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.HABEAS/leon0230.mtd.den.mts.grnt