UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH LEONARD,

               Petitioner,

    v.

PATRICK EATON,[1]

               Respondent.

No. 2:19-cv-0230 TLN DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his conviction imposed by the Sacramento County Superior Court in 2014 for first degree murder and attempted murder. Respondent moves to dismiss the second amended petition on the grounds that it is unsigned and unverified. In the alternative, respondent moves to dismiss unexhausted claims from the petition. For the reasons set forth below, this court will recommend respondent's motion be granted in part and subclaims (f)-(j) of claim 7 be dismissed from this action. In addition, this court will order petitioner to provide a more specific verification of the second amended petition.

////

---

[1] Patrick Eaton is the current Warden of Sierra Conservation Center. Accordingly, Patrick Eaton is substituted for Hunter Anglea as respondent in this matter. See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

**RELEVANT BACKGROUND**

2      Joseph Leonard was convicted of first degree murder and attempted murder.  On January

3 9, 2015, petitioner was sentenced to an indeterminate state prison term of forty years to life.

4 (Lodged Document ("LD") 1 (ECF No. 10-1).[2])

5      Petitioner appealed.  The state appellate court affirmed the judgment on February 9, 2018.

6 (LD 2 (ECF No. 10-2).)  The California Supreme Court denied review on May 9, 2018.  (LD 3-4

7 (ECF Nos. 10-3, 10-4).)

8      Petitioner filed his original federal petition on February 6, 2019.  (ECF No. 1.)

9 Respondent moved to dismiss on the grounds that petitioner failed to exhaust a number of claims.

10 (ECF No. 8.)  In response, petitioner moved to stay these proceedings to permit him to file a

11 petition for a writ of habeas corpus in the state court.  (ECF No. 13.)  After petitioner filed a first

12 amended petition without the unexhausted claims, this court granted the motion to stay this

13 action.  (ECF No. 21.)

14      Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on

15 June 12, 2019.  (LD 5 (ECF No. 32-1).)  The court denied the petition without comment on

16 November 26, 2019.  (LD 6 (ECF No. 32-2).)

17      Petitioner filed his second amended federal petition on January 15, 2020.  (ECF No. 30.)

18 Respondent filed the present motion to dismiss on April 10, 2020.  (ECF No. 31.)  On May 5,

19 2020, petitioner filed a document entitled "Request to Supplement Petition[3]" and an opposition to

20 the motion.  (ECF Nos. 33, 34.)  Respondent filed a reply.  (ECF No. 35.)

21

**ANALYSIS**

22      Respondent contends the second amended petition must be dismissed because it is

23 unsigned and unverified.  In the alternative, respondent moves to dismiss six subclaims of

24 _____

25 [2] Respondent lodged relevant state court records.  The first four were lodged with respondent's
first motion to dismiss.  (See ECF No. 10.)  Lodged Documents 5 and 6 were lodged with the

26 present motion.  (See ECF No. 32.)

27 [3] In this request, petitioner simply adds to the argument in his opposition.  Because the
information in the request need not be included in the second amended petition, the request will

28 simply be considered part of petitioner's opposition.

petitioner's claim 7, which allege ineffective assistance of counsel.  Petitioner responds with a signed verification page.  In addition, he admits that subclaims (f)-(j) of claim 7 in the second amended petition are not exhausted and abandons those subclaims.  (ECF No. 34 at 2.)  With respect to the remaining subclaim challenged by respondent, subclaim (c) of claim 7, based on petitioner's response, respondent recognizes that subclaim (c) of claim 7 is exhausted and withdraws his motion with respect to that issue.

Because the parties agree on the exhaustion issues raised by respondent, the only remaining issue is the adequacy of the verification page submitted by petitioner.

**I.  Legal Standards for Signing and Verification of Petition**

An application for a writ of habeas corpus: "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  In addition, Rule 2(c)(5) of the Rules Governing Section 2254 Cases requires that the petition be signed under penalty of perjury by the petitioner or someone acting in his behalf.  See also E.D. Cal. R. 190(b) ("The petition or motion shall be signed under penalty of perjury, and, if presented in propria persona, upon the form and in accordance with the instructions approved by the Court.")  However, the Ninth Circuit Court of Appeals has held that an unsigned and unverified petition is a defect "that the district court may, if it sees fit, disregard."  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

**II.  Analysis**

Petitioner does not contest that he failed to sign and verify the second amended petition. Attached to his opposition to respondent's motion is a stand-alone verification page from the habeas corpus form.  (ECF No. 34 at 9.)  While it is apparent from petitioner's filing, and the fact that he signed and verified his two prior petitions[4], that he intends to verify the second amended petition, out of an abundance of caution, this court will require petitioner to file a declaration specifying that he verifies the allegations of the second amended petition.  Attached to this order is a form for that declaration which petitioner will be directed to sign and file.

---

[4] See ECF No. 1 at 33 and ECF No. 19 at 33.

**CONCLUSION**

The parties agree that subclaims (f)-(j) of claim 7 in the second amended petition should be dismissed as unexhausted.  In addition, based on petitioner's opposition, respondent withdraws his challenge to subclaim (c) of claim 7.  With respect to respondent's argument that the petition should be dismissed for petitioner's failure to sign and verify it, this court finds that the petitioner's signature on the attached declaration will cure that defect.

Accordingly, IT IS HEREBY ORDERED as follows:

1.  The Clerk of the Court shall replace Hunter Anglea with current warden Patrick Eaton as respondent on the docket of this case.

2.  Within thirty days of the filed date of this order, and only if petitioner agrees with the oath contained therein, petitioner shall sign and file the attached declaration.

3.  Within forty-five days of the filed date of this order, respondent shall file an answer. Within thirty days of the service of the answer, petitioner may file a reply.

Further, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 31) be granted in part and plaintiff's subclaims (f)-(j) of claim 7 be dismissed from this action because they are unexhausted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.

////
////
////
////
////

4

1    The parties are advised that failure to file objections within the specified time may result

2    in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

3    Cir. 1991).

4    Dated:  January 19, 2021

5

6                                                                    _____

7    DLB:9/DB/prisoner-habeas/leon0230.mtd(2) fr    DEBORAH BARNES
                                                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   JOSEPH LEONARD,                          No.  2:19-cv-0230 TLN DB P
12              Petitioner,
13       v.                                   DECLARATION IN SUPPORT OF SECOND
                                              AMENDED PETITION
14   PATRICK EATON,
15              Respondent.
16
17       I declare under penalty of perjury that the allegations made in the second amended
18   petition, filed in this case on January 15, 2020, are true and correct.
19
20   Date of signing declaration: _____
21
22
23   Signature of Petitioner: _____
24
25
26
27
28
                                  6