1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSEPH LEONARD,                          No.  2:19-cv-0230 TLN DB P

12                  Petitioner,

13        v.                                   ORDER

14   PATRICK EATON,

15                  Respondent.

16

17        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  Respondent has filed an answer to the petition (ECF No.

19   49) and petitioner has filed a traverse (ECF No. 56).  As such, the petition is fully submitted.

20   However, petitioner has filed a large number of different motions and requests.  These must be

21   addressed before the court can reach the submitted habeas petition.

22        Petitioner's motions for appointment of counsel (ECF Nos. 40, 43) will be denied.

23   Petitioner's requests to lodge various documents (ECF Nos. 37, 41, 44, 45) will be granted.

24   Petitioner's requests to refer to electronically lodge documents (ECF Nos. 54, 55) will be granted.

25   Finally, Petitioner's requests for evidentiary hearing (ECF Nos. 39, 42) will be denied without

26   prejudice.  With these motions addressed, the court will address the merits of the petition in due

27   course.

28   ////

## MOTIONS FOR APPOINTMENT OF COUNSEL

Petitioner has requested the appointment of counsel.  (ECF Nos. 40, 43.)  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.  Petitioner appears to have a sufficient grasp of his claims and the legal questions involved.  The legal issues presented also do not appear to be overly complex and petitioner has not demonstrated a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.  Accordingly, petitioner's requests for appointment of counsel (ECF Nos. 40, 43) will be denied.

## REQUESTS TO LODGE DOCUMENTS/REFERENCE DOCUMENTS

Petitioner has requested permission of the court to lodge a number of documents (ECF Nos. 37, 41, 44, 45) along with the documents petitioner sought to lodge.  Petitioner also filed requests to reference these documents in his traverse.  (ECF Nos. 54, 55.)  Petitioner's requests will be granted.

## REQUESTS FOR EVIDENTIARY HEARING

Finally, petitioner requests that the court hold an evidentiary hearing.  (ECF Nos. 39, 42.) Petitioner broadly requests a hearing to "access [sic] credibility of witnesses and resolve material facts in dispute."  (ECF No. 39 at 1; ECF No. 42 at 1.)

The Supreme Court has made clear that in determining whether an evidentiary hearing is warranted under 28 U.S.C. 2254(e)(2), the court must consider the standards for habeas relief under section 2254(d).  See Pinholster, 563 U.S. at 183 (2011) ("'[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take

1   into account those standards in deciding whether an evidentiary hearing is appropriate.'")

2   (quoting <u>Schiro v. Landrigan</u>, 550 U.S. 465, 474 (2007)).  In other words, the process of

3   determining whether an evidentiary hearing should be granted necessarily includes an analysis of

4   both sections 2254(d) and 2254(e)(2).  <u>See</u> <u>Pinholster</u>, 563 U.S. at 183–86; <u>see also</u> <u>Landrigan</u>,

5   550 U.S. at 474 ("In deciding whether to grant an evidentiary hearing, a federal court must

6   consider whether such a hearing could enable an applicant to prove the petition's factual

7   allegations, which, if true, would entitle the applicant to federal habeas relief.").

8          As this matter is submitted, the court must now review this matter pursuant to 28 U.S.C. §

9   2254(d).  In light of this analytical overlap and the demand on the court's docket, the court finds

10  that the most prudent approach is to defer a decision on whether an evidentiary hearing is

11  appropriate until the court conducts a section 2254(d) analysis. <u>See</u> <u>Landrigan</u>, 550 U.S. at 473

12  (decision to grant an evidentiary hearing generally left to the sound discretion of the district court)

13  (citations omitted).

14         Therefore, petitioner's request for an evidentiary hearing will be denied without prejudice

15  as premature.  The court will address sua sponte whether an evidentiary hearing is warranted

16  when the merits of the petition are considered.

17  ////

18  ////

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

1

**CONCLUSION**

2      In accordance with the above and good cause appearing, IT IS HEREBY ORDERED that:

3      1.   Petitioner's Motions for Appointment of Counsel (ECF Nos. 40, 43) are denied;

4      2.   Petitioner's Requests to Lodge Documents (ECF Nos. 37, 41, 44, 45) are granted;

5      3.   Petitioner's Requests to Reference Electronically Lodged Documents (ECF Nos. 54,

6          55) are granted; and

7      4.   Petitioner's Requests for Evidentiary Hearing (ECF Nos. 39, 42) are denied without

8          prejudice as premature.

9   Dated:  March 7, 2023

10

11
_____

12   DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

DB:14

18   DB/DB Prisoner Inbox/Habeas/R/leon0230.multiple_req

19

20

21

22

23

24

25

26

27

28

4